## Hartner *v.* Hartner, Appellant.

*Divorce—Desertion—Separation by consent.*

In an action for divorce, on the ground of desertion, the elements of wilfulness and malice are essential, and the guilty intent is manifest, when without cause or consent either party withdraws from the residence of the other, and the desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert wilfully and maliciously and persisted in for two years without cause.

Where, from the testimony produced before the examiner on a libel in divorce, it appeared that the parties had separated from and returned to one another numerous times, and that proof of malicious desertion for a period of two years was vague and insufficient, a decree granting a divorce will be reversed.

Argued October 20, 1920. Appeal, No. 231, Oct. T., 1920, by respondent, from decree of C. P. No. 1, Phila. Co., June T., 1918, No. 2082, granting a divorce in the case of Frederick W. Hartner v. Catherine Hartner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

342, (1921).] Statement of Facts—Opinion of the Court.

Libel in divorce.  Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Michael A. Spatola, Esq., as master, who recommended a divorce.

On exceptions to the master's report the court overruled the exceptions and granted a divorce.  Respondent appealed.

*Error assigned* was the order of the court.

*S. L. Krauss,* of *Hepburn, Carr & Krauss,* for appellant.

*Albert S. Longbottom,* and with him *G. Lawrence Pape,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The testimony shows that the libellant and respondent were married December 31, 1913, at Philadelphia.  Differences arose between them, and between January and October, 1914, the wife left the husband three times and returned to the home of her mother.  The relations between them continued to be friendly and they frequently met in their former home and at the home of the wife's mother.  The date set by the libellant as the beginning of the desertion was June 27, 1917, when it is alleged that the wife "wilfully and maliciously deserted her husband and absented herself from their habitation without reasonable cause from thence hitherto."  A master was appointed to take testimony, and after hearing the parties and other witnesses, recommended that the prayer of the libellant be granted.  Twenty-one exceptions were filed to this report and a hearing was had before the court.  In the opinion of the court on the exceptions filed it was held that as a matter of law the respondent without just cause wilfully and maliciously deserted the libellant on June 27, 1917.  This conclusion is

not sustained by the record. In addition to the visits of the parties with each other, it is apparent, from the record that their intimate relationship continued to be of this character long after June 27, 1917. On July 27, 1917, the libellant wrote a postal card to his wife, beginning, "Dear Katie, received your loving letter and was very glad to hear from you. I am not going to be taken into the army, as a friend of Emil's is going to fix it up for the folks here, so don't worry about that. How is your dad and the rest? Well, I will close, and hoping to hear from you soon or see you. I am always thinking of you. Love. Fred." On August 3, 1917, he wrote, "Dear Katie," and signed it "Love, Fred." The separations were followed by forgiveness and condonation, without any permanent change in their relations. But it is urged that this was a constructive desertion, a term unknown to our law.

The Act of March 13, 1915, requires that the desertion be "wilful and malicious," and it has been frequently decided that the elements of wilfulness and malice are essential, and that the guilty intent is manifest when without cause or consent either party withdraws from the residence of the other, and the desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert wilfully and maliciously and persisted in for two years without cause.

The date fixed in the libel and attempted to be established in the testimony, is clearly wrong, as the libellant's letters show that he did not regard his wife as deserting him for several months afterward. The intent to desert is rebutted where the separation is encouraged by either party or by mutual consent: Neagley v. Neagley, 59 Pa. Superior Ct. 565; Sternberg v. Sternberg, 73 Pa. Superior Ct. 328. The testimony as to the actual merits of the case is conflicting, but it is clear, and we base our conclusion on that phase of the case alone, that there was lack of proof of malicious desertion persisted in for two years.

The decree of the court below is reversed and the cost to be paid by the appellee.