Heimovitz *v.* Heimovitz, Appellant.

Argued October 7, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Frank Zal,* for appellant.

*Charles A. Rothman,* submitted a brief for appellee.

OPINION BY HIRT, J., November 12, 1947:

The parties to this action were married on May 29, 1933: the libellant is 67 years of age and the respondent 61. Each has grown children by a prior marriage. The final separation occurred in September 1940. Desertion and indignities to the person are the grounds for divorce laid in the libel. The master concluded that the charge of indignities had not been sustained by the proofs but found the evidence sufficient to establish desertion. The court, on the master's recommendation, entered a decree on that ground. It will not be necessary to determine whether libellant has made out a case of indignities, since from an independent consideration of the testimony we find ourselves in agreement with both the master and the lower court that desertion was established by clear and satisfactory evidence sufficient in law. The decree will be affirmed.

This was a marriage of convenience. Respondent needed support; libellant wanted a home. Both of the parties came from Russia many years ago. He was industrious and for a time supplemented his earnings as a huckster by work in a livery stable. He later worked

in the Philadelphia Navy Yard as a janitor. But they were poor people; libellant spoke but little English and his earnings were often less but seldom more than $35 a week. For four months before the separation they occupied two rooms in an apartment building in Philadelphia. Libellant paid the rent regularly and turned over to respondent substantially all of his remaining earnings. Libellant was mild mannered, quiet, peaceful and of good habits. Disinterested witnesses, friends of the respondent, who lived in the apartment below, testified as to her belligerent attitude toward libellant over a period of several months prior to the separation. Much of the discord between the parties is attributable to libellant's low earning power. On a number of occasions she stated to one or the other of these witnesses that her husband was no good and that she wished he would leave her. She said: "I don't want that man" and frequently made similar statements indicating that she was determined not to live with him. The separation occurred in September 1940 when she chased him down stairs out of the building and threw a burlap bag containing his clothes after him. Libellant's testimony, as well as that of the first floor tenants, is that she on that occasion swore at libellant in both Russian and English and said: "Take your clothes and get out; I don't want you any more." Libellant, after eviction from his home, spent several weeks in a hospital following an operation because of stomach ulcers. With full knowledge of the facts, respondent did not visit him there. She had instructed the first floor tenants not to admit libellant and when he did return to the building some weeks later, he was refused admittance. Respondent never offered to resume cohabitation. It is significant also that during more than five years following the final separation she did not ask for money nor bring an action for support until after the libel was filed in this case. However unimportant, it may be noted that the Municipal Court after hearing refused to make an order for the reason that she had deserted him.

The testimony is clear that respondent intended the exclusion of libellant from the common home to be final and that she wilfully and maliciously accomplished that result. The proofs adequately sustain the charge of desertion, in the sense of the Divorce Code of May 2, 1929, P. L. 1237, 23 PS 1, et seq.

Desertion does not consist exclusively in a wilful and malicious abandonment of the common home. Desertion results also where one is excluded from the home by the other spouse, wilfully and without justification. Such exclusion is not "constructive" desertion merely (though loosely so-called in isolated cases, e. g., *Sowers's Appeal,* 89 Pa. 173) it is actual desertion and grounds for divorce as such, in contemplation of law. The intent of the language of the Code relating to desertion (23 PS 10d) as ground for divorce, when applied to cases of the instant type, is the subject of a recent exhaustive discussion by Judge Arnold speaking for this court in *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 48 A. 2d 66. There is also a noteworthy discussion in *Higgins v. Higgins,* 30 Erie Co. 10, 56 D. & C. 650, where Judge Laub well said: "It therefore appears that the question of constructive desertion can be distilled into one simple postulate. If a set of facts comes within the meaning of the word 'desertion' as that term was understood at the time our divorce code was enacted, then there are grounds for divorce regardless of terminology." In the *Reiter* case our conclusions were thus stated by Judge Arnold: "(1) Where a husband purposely locks out, or bars, his wife from the common habitation, her habitation is no longer his home, but is the street or the place to which she goes, and the husband has deserted *her* and absented himself from *her* habitation which he forced her to obtain by destroying for her the common abode. If wilful and malicious, and without reasonable cause, and persisted in for two years, it is a desertion in the words of the statute. (2). So, too, where a husband physically ejects his wife from the common home. (3).

So, also, where a husband threatens immediately to inflict bodily harm on his wife unless she leaves, and she departs against her will and because of a justifiable fear of physical injury." Of course, the same principles apply where the wife is the aggressor and the facts in this case bring it within the first and second classifications, above quoted. Libellant has made out a clear case of desertion and is entitled to a divorce.

Decree affirmed.