## Ranieri *v.* Ranieri, Appellant.

Argued September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Henry D. O'Connor,* with him *Francis G. Wenzel,* for appellant.

*Bernard I. Shovlin,* for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

In this divorce action the master recommended that a divorce be granted to plaintiff husband on the grounds of indignities and cruelty. The defendant wife did not except to the master's report, and the court below entered a decree on both grounds, from which the wife has appealed.

The defendant's first contention is that plaintiff's remarriage the day after the decree calls for a reconsideration of his credibility in respect to his alleged infidelity during the marriage. Defendant had often accused him of infidelity, which he denied, and used that as an excuse for some of her indignities. We cannot see how we are to infer falsehood by the plaintiff from this early remarriage. Plaintiff's evidence against his wife goes back to 1947 and there is nothing to indicate any connection between his remarriage and events which occurred over the past five years. Defendant cites *Mingone v. Mingone,* 164 Pa. Superior Ct. 578, 67 A. 2d 573, where plaintiff was found in bed with another woman after his divorce decree. That

has no analogy to a situation involving a lawful re-marriage.

The wife also complains that although the master recommended a divorce on both indignities and cruelty, he made a conclusion of law in his report that plaintiff had failed to prove a case of cruelty. Examination of the master's report shows that this was a mere typographical error; the gist of the report is clear in affirming proof of the cause on both grounds.

Lastly, defendant attacks the sufficiency of the evidence in light of her counter-evidence. We have independently reviewed the evidence and find that it is sufficient to warrant a divorce. Plaintiff's testimony covers a period of about four years and includes excessive drinking by defendant, neglect of household duties, frequent verbal abuse and false accusations of infidelity. Further, he testified to physical abuse, such as striking him with an iron and again on the head with the marble base of a lamp, from which he recovered in the hospital. It is unnecessary to relate the details; the record is more than ample to sustain a divorce both on indignities and cruelty. The defense testimony alleged drinking by plaintiff, striking defendant with his fists and association with other women. Defendant contends that the crux of the matter was an incident occurring on Memorial Day, 1951, when, she testified, he came home with bloody underwear. Defendant concluded that plaintiff had had intercourse with a menstruating woman, but plaintiff denied any act of infidelity. Matters deteriorated rapidly after that incident, which is apparently now offered by defendant as an excuse for her subsequent acts. There was little excuse offered, however, for her prior conduct, and she admitted many of the accusations made by the plaintiff. Where there were denials, credibility is the important factor, and the determina-

tion of the trier of fact on that issue will not be lightly disturbed. *Uhlinger v. Uhlinger*, 169 Pa. Superior Ct. 574, 83 A. 2d 423. Our review of the record reveals that plaintiff offered more than sufficient evidence, that defendant's counter-evidence was rife with admissions and weak rejoinders, and that there is no reason to upset the master's determination of credibility.

Decree affirmed.