## Dukenfield *v.* Dukenfield, Appellant.

Argued October 11, 1954. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (ROSS, J., absent).

*Hymen Schwartz,* for appellant.

*John Pemberton Jordan,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

The husband sued for a divorce, alleging desertion. The master recommended and the court below entered a decree of divorce. The parties were married on November 22, 1944, the plaintiff being then 53 years of age and once divorced, and the defendant 42 years of age, once widowed and once divorced. After their marriage, they resided together at 3309 Shelmire Street in Philadelphia. The house was owned by defendant. Plaintiff testified that they were both to work to pay off the indebtedness on the house and furniture. He purchased savings bonds in both names out of his earnings. In 1945-46, defendant cashed the bonds and deposited the proceeds under her own name. During this period, various arguments arose over the bonds; on many occasions plaintiff was told "this is my house, and you get the hell out and never come back again". He testified that on August 2, 1946, after an argument about the bonds, he attempted a reconciliation but without success.

For her part the wife testified that dissension arose because he refused to give her money; that she never

obtained custody of any bonds, and that she did not lock him out. After an independent examination of the record, we concur, especially in view of her refuted testimony as to the bonds and also because it was shown that she had later signed a false affidavit of non-remarriage when she sold her house in 1950.

The record clearly supports the conclusion of credibility in favor of the husband. The wife now alleges that his testimony is insufficient to support a divorce on the ground of desertion, since she remained in the home and did not evict him with force or violence. A case of desertion, however, is maintained where a wife locks her husband out of the house without justification and without his consent, refuses to let him return and persists in such refusal for two years: *Heimovitz v. Heimovitz*, 161 Pa. Superior Ct. 522, 55 A. 2d 575; *Scanga v. Scanga*, 167 Pa. Superior Ct. 133, 74 A. 2d 723. In that respect, a husband and wife are on an equal footing before the law. The evidence in this case clearly establishes that the husband was locked out by a bolted door without good cause, that it was without his consent and that he made many attempts toward reconciliation, which were refused. The result was desertion as surely as if defendant had left the house herself and remained away for two years.

Defendant also makes much of the fact that two months after the desertion she obtained a support order against her husband. This is a relevant factor to be considered: *Copeland v. Copeland*, 155 Pa. Superior Ct. 102, 38 A. 2d 364, but it is not conclusive on the subject of desertion. The record in this case is clear and strong, overcoming whatever probative value can be accorded to the support order.

Decree affirmed.

DISSENTING OPINION BY WRIGHT, J.:

The divorce law[1] provides that "it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever . . . the other spouse . . . (d) Shall have committed wilful and malicious desertion, *and absence from the habitation,* of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years (italics supplied)". In the present case the habitation was owned by the wife. It was the husband who absented himself. I cannot subscribe to the proposition that this is desertion by the wife.

The majority opinion is apparently based upon the theory of constructive desertion. In the words of a distinguished President Judge of this Court,[2] constructive desertion is "a term unknown to our law". The present statutory language was analyzed in the light of the prior legislation in *Young v. Young,* 82 Pa. Superior Ct. 492. Judge HENDERSON there said: "We cannot regard evidence of cruelty or indignities practiced by the wife as sufficient to establish a desertion of her husband by her. The law provides a specific remedy for a husband injured by the cruelty of his wife or by her conduct amounting to indignities to his person, and to this the injured party must appeal if he would have relief. It cannot be said with legal accuracy where a wife's conduct has become so intolerable to her husband that he finds it advisable or necessary to take up another habitation, and where his wife remains in the home which they have jointly occupied through a period of years, that his wife has wilfully and maliciously absented herself from the habitation of her husband".

---

[1] Act of 1929, P. L. 1237, section 10, 23 PS §10.

[2] ORLADY, P. J. in *Hartner v. Hartner,* 75 Pa. Superior Ct. 342.

The majority opinion cites only two cases. In *Scanga v. Scanga,* 167 Pa. Superior Ct. 133, 74 A. 2d 723, the divorce was refused. *Heimovitz v. Heimovitz,* 161 Pa. Superior Ct. 522, 55 A. 2d 575, involved an unusual factual situation,[3] beyond which its authority should not be extended. Without agreeing that the rules set forth by way of dicta in *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 48 A. 2d 66, apply to the wife,[4] I have concluded from an examination of the record that the instant case does not even come within those rules. Clearly it does not come within Freedman's more limited interpretation.[5]

In order not to prolong this dissent, I will simply assert that in my opinion a wife is not guilty of desertion when the husband, whose responsibility it is to provide the habitation, absents himself therefrom and the wife remains therein.

President Judge RHODES joins in this dissent.

---

[3] Inter alia, the Municipal Court had refused to make an order of support on the ground that the wife was guilty of desertion.

[4] It is expressly so stated, but the cited cases from which the rules were formulated do not support the statement.

[5] An actual turning out of doors. See Freedman on Marriage and Divorce, Section 243.