Zorn, Appellant, *v.* Zorn.

Argued November 11, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Harry S. Kalson,* for appellant.

*Clyde P. Bailey,* with him *Weller, Wicks & Wallace,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

This is an appeal in a divorce case where the husband plaintiff sued on the ground of desertion. The master recommended a divorce but the court below refused the recommendation, reversed the conclusion of law, and refused the divorce, holding that plaintiff's testimony did not prove desertion. The court, in its opinion, stated that the separation amounted to a consensual one. We have examined the testimony de novo and cannot agree with the court's conclusion.

Plaintiff testified that on March 18, 1948, he came home very late from a business appointment and became engaged in a quarrel with his wife; that she ordered him to leave the house and threw his clothes at him; that she was "backed up" by several of their adult sons; that he thereupon left the house; and that he made several later offers to return, but was refused by defendant. Plaintiff's witness, who had known both parties for years and who had lived in their home, testified that in 1951 and again in 1952 the defendant told him that plaintiff offered to return to her but she didn't want him back.

Defendant's version of the separation incident is different. She and three sons testified that plaintiff came home drunk, threatened defendant who was protected by her sons and that plaintiff left voluntarily. She also claimed to have offered reconciliation, but her testimony on that score was vague and evasive.

The master found the plaintiff and his disinterested witness more credible than the defendant and her witnesses and found facts in his favor. "Where there were denials, credibility is the important factor, and the determination of the trier of fact on that issue will not be lightly disturbed." *Ranieri v. Ranieri*, 174 Pa. Superior Ct. 618, 620, 101 A. 2d 177. Our independent review of the record reveals no reason to upset the

master's findings of fact or determination of credibility.

The conclusion to be derived from the evidence is clearly that defendant was guilty of desertion. This case is controlled by *Heimovitz v. Heimovitz,* 161 Pa. Superior Ct. 522, 55 A. 2d 575, in which it was held that desertion does not consist exclusively of a wilful and malicious abandonment of the common home, but also where one is excluded from the home by the other spouse, wilfully and without justification, which exclusion is persisted in for two years. The court below, in refusing a divorce, concluded that the evidence did not constitute desertion under the standards enunciated in *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 48 A. 2d 66, viz.: "force or justifiable fear of immediate bodily harm, or [of being] locked out against the will, and without the consent, of the innocent spouse." The court below concluded that this separation was consensual. We cannot agree. There is nothing in the principles of the *Reiter* or *Heimovitz* cases to require a forceful physical ejection or locking out from the home. This defendant made it clear to plaintiff that he should get out of the house; she threw his clothes at him; her sons, who were adults, were there to back her up. Under such circumstances a husband cannot be expected to remain in such an atmosphere or force his sons to eject him violently from the premises. The result is desertion by defendant, in which she has persisted for over two years, as evidenced by her later statements and refusals of reconciliation. See *Dukenfield v. Dukenfield,* 177 Pa. Superior Ct. 215, 110 A. 2d 858.

Decree reversed and the record is remitted to the court below with direction to enter a decree of absolute divorce on the ground of desertion.

DISSENTING OPINION BY WRIGHT, J.:

The reasons for this dissent are set forth in my dissenting opinion filed this day in *Dukenfield v. Dukenfield*, 177 Pa. Superior Ct. 215, 110 A. 2d 858, and need not be here restated. I would affirm upon the opinion of Judge MONTGOMERY for the court below.

President Judge RHODES joins in this dissent.