Dimerling *v.* Dimerling, Appellant.

Submitted November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

620

*Joseph Knox Stone,* for appellant.

*Wayne S. Luce,* for appellee.

OPINION BY GUNTHER, J., March 26, 1956:

Plaintiff was granted a divorce on the ground of indignities. Defendant questions whether the evidence proved plaintiff to be "the innocent and injured spouse" and whether the evidence was sufficient upon which to base a decree of divorce.

The parties were married in December of 1951. The appellant was sixteen years of age at the time of her marriage and nineteen at the time of the master's hearing. Four months after marriage, plaintiff entered the armed forces and was in military service for two years. Shortly after plaintiff left for military service, appellant began associating with other men. This fact came to the attention of plaintiff and resulted in serious and constant discord between the parties. Plaintiff came home frequently but their domestic relationship did not improve.

The master and the lower court concluded that appellant's conduct was such as to constitute indignities to the person of the plaintiff.

Upon our independent examination of the record, we conclude that plaintiff is the injured and innocent spouse and, indignities having been established, he is entitled to a decree in divorce.

We find no misconduct on the part of the husband that could legally be held as constituting indignities to the person of the wife. The wife's only serious complaint was that her husband wanted to spend too much of the time in bed during his July 4th, 1952 furlough. There is no evidence that he forced her to stay in the bedroom with him against her will.

The brief of the appellant alleges error on the part of the court below in failing to hold that the complaint was faulty because it did not set forth that the plaintiff is the injured and innocent spouse. In *Anthony v. Anthony,* 160 Pa. Superior Ct. 18, 49 A. 2d 877 the Court held "We are of the opinion that libellant was not required to include in her libel an averment that she is the 'innocent and injured spouse,' and that the court below erred in dismissing the libel for want of such an averment."

With respect to credibility the master summed up his findings of fact as follows: "The plaintiff was a faithful and dutiful husband and gave the defendant no cause to conduct herself in such a disgraceful and objectionable manner".

It is a well recognized principle that although the findings of the master are not binding, his judgment is entitled to the fullest consideration. *Oliver v. Oliver,* 172 Pa. Superior Ct. 600, 94 A. 2d. 124.

Was there sufficient evidence upon which to base a decree in divorce? The evidence clearly supports our conclusion that there was. She was observed on two separate occasions parked at night in an automobile with a man or men, and on the first of these occasions, she was observed kissing her escorts several times with-

in a period of twenty minutes. She admitted going to Florida with a man much older than she for about three weeks. There is ample testimony to prove plaintiff is the innocent and injured spouse and also testimony on which a decree in divorce can be granted.

Decree affirmed.