Romano, Appellant, *v.* Romano, Appellant.

Submitted April 9, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James H. Brennan,* with him *Brennan, Brennan, Damrau & Mohan,* for appellant.

*John Francis Flynn,* for appellee.

OPINION BY WATKINS, J., June 11, 1957:

These appeals are from a decree of the Court of Common Pleas of Allegheny County, granting the appellant's husband an absolute divorce on grounds of indignities and denying the appellant wife a divorce a mensa et thoro.

Both the appellant wife and husband brought actions in divorce and the lower court consolidated the cases for hearing before a master. The result was a decree granting the husband's divorce and dismissing the wife's complaint. Exceptions were filed to the master's report and dismissed, hence the appeals.

The parties were married in Italy on December 17, 1925. The appellant is 51 years of age, the husband 53. There are three children to this marriage.

In 1931 the husband's mother furnished the funds to bring the family to the United States and they located in Pittsburgh, living with the husband's mother. In 1932 there is evidence of trouble between the husband and wife and the wife withdrew from the mother-in-law's home, taking the daughter with her to Rhode Island where she made her home with a brother. Repeated requests were made by her husband to return but she refused. The husband then joined his wife in Rhode Island, where he sought employment but failing to find work was forced to return to Pittsburgh. The wife then returned to him in Pittsburgh. He had difficulty finding permanent work until 1937, then after working continuously for 10 months became seriously ill and could not work and the family was on relief.

In 1939 he worked occasionally as a laborer. His employment improved in 1943 and he purchased a home for $1300 which the appellant still occupies. It has been remodeled since that time. From 1943 to 1946 the husband gave his wife more than $8000 of his earnings. In 1943 he entered the building business which

proved successful and he accumulated substantial properties from 1947 to 1952. In 1953 the husband suffered a heart spasm. The master inferred that this illness, in his opinion, was the result of the wife's cruel treatment, her constant threats on his life and the general condition of his life at home. Due to this heart spasm, his age and physical condition he is unable now to seek employment.

The wife continuously accused him of running around; refused to provide adequate meals; and used the vilest of language when speaking of the husband's parents, despite the fact that the husband's mother furnished the funds to bring them to this country and kept them, fed them and provided money for them.

The record shows that many threats on the husband's life were made by his wife. She had threatened on many occasions to poison him. At one time she was about to stab her husband and was prevented from doing so by their daughter. On another occasion she threw the metal top of a commode down the stairs at her husband. A milk bottle was thrown in the husband's face by the wife. The children admitted their father was a "good father". The wife has openly stated that her husband was no good, that he had no money and that he was not worth living with and she threatened to drive him from his home.

The record discloses that appellant's husband has met the burden of proof of indignities by a preponderance of satisfactory evidence. There was ample testimony from which the court sustained the master's findings. The master found that the defendant wife was a woman of savage temper and that she would throw anything she got her hands on, and did.

After considering the credibility of both parties and their witnesses the master found that appellant's husband had offered no physical affront or course of con-

duct which would disqualify him as an injured and innocent spouse. In *Dimerling v. Dimerling,* 180 Pa. Superior Ct. 619, 121 A. 2d 458 (1956), Judge GUNTHER states as follows: "It is a well recognized principle that although the findings of the master are not binding, his judgment is entitled to the fullest consideration." See *Oliver v. Oliver,* 172 Pa. Superior Ct. 600, 94 A. 2d 124 (1953). "The master's report, although advisory only, is to be given the fullest consideration as regards the credibility of witnesses whom he has seen and heard, and in this respect his report should not be lightly disregarded." *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 130 A. 2d 265.

The testimony shows that the husband was a dutiful, hard working father who worked endless hours at the expense of his health to provide for his family. The testimony further shows no provocation on the part of the husband, and that the wife's conduct was entirely unwarranted and does not have a justifiable complaint concerning husband's conduct towards her. He did not drink, he did not waste or spend his money, he was extremely sacrificial, was a man of very good reputation for chastity, industry and general good behavior. In *Bock v. Bock,* 162 Pa. Superior Ct. 506, 58 A. 2d 372 (1948), the Court said: "From the conduct of the respondent, from the statements, accusations and counter-charges made by him, only one logical conclusion can be drawn: that the legitimate ends and objects of matrimony have been destroyed and that this respondent has shown the hate, contempt and settled estrangement necessary to establish a sufficient ground for divorce within the meaning of the law."

There was clear and convincing evidence that he was the injured and innocent spouse and that her love and affection for him had been replaced permanently by hate and estrangement. As stated by Judge WOOD-

SIDE in *Boyer v. Boyer,* supra, at page 271, "An indignity to the person is said to be an affront to the personality of another, a lack of reverence for the personality of one's spouse. The offense is complete when a continued and persistent course of conduct demonstrates that the love and affection upon which the matrimonial status rests has been permanently replaced by hatred and estrangement."

The appellant complains that the court below violated Rule 6 of the Court of Common Pleas of Alle-. gheny County which reads as follows: "Exceptions to the master's report may be filed by the parties within ten days after receiving notice of the filing of the maser's report. When the time for filing exceptions has expired, the master's report together with such exceptions as may be filed shall be placed upon the General Argument List and shall be assigned and distributed among the various individual judges, who may be sitting at the next ensuing General Argument List. Hearings by the individual judges will be heard on each Wednesday of the week set apart for General Argument List, and the said judges shall thereupon consider the whole record and make such final decree as the record may justify."

After the filing of the appellant's exceptions to the master's report the case was assigned to Judge MARSHALL and public notice of the time and place for hearing printed. Counsel for both parties appeared at that time but no hearing or argument took place. The master's report was filed December 28, 1955, and the court's decree was handed down on May 18, 1956. No request was made by the appellant to the court to argue the matter at the time fixed for hearing or from that time to May 18, 1956. The lower court was justified in disposing of this matter on the record. However it is the duty of this Court to examine the testi-

mony de novo for the purpose of determining whether the charge alleged in the complaint has been sustained. *Olbum v. Olbum,* 183 Pa. Superior Ct. 5, 128 A. 2d 125. Any possible harm that might have come to appellant by reason of a failure to strictly comply with the lower court's Rule 6 will be remedied here.

The plaintiff met the burden of establishing by a preponderance of the evidence that his wife offered such indignities to his person as to render his condition intolerable and his life burdensome; that he is the innocent spouse and that he is entitled to a divorce.

Decrees affirmed.