## Danze *v.* Danze, Appellant.

Argued October 2, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles P. Mirarchi, Sr.,* with him *Mirarchi and Mirarchi,* for appellant.

*Martin G. Stein,* for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This is an appeal from a decree of the Court of Common Pleas of Philadelphia County, granting Vincent Danzi, the husband appellee, an absolute divorce from Agatha Danzi, the wife appellant, on the grounds of indignities to the person and desertion.

The parties were married in Messina, Italy, on July 29, 1951. The husband is 33 years of age, the wife 50. They were both born in Italy. The appellant came to this country in 1924. She became a citizen of the United States and resided in Philadelphia. She returned to Italy for the express purpose of marrying the appellee. After the marriage in November, 1951 the appellant returned alone to the United States. There she made all the arrangements for her husband's entry to this country, and he arrived here in December, 1952. They took up residence at 2117 South Eleventh Street, Philadelphia, Pa., where they lived until April, 1953 when the appellee left the common home.

The husband in his testimony disclosed a course of conduct by the appellant, beginning from the day of the marriage, which undoubtedly established the ground of indignities to the person. Specific times and places were enumerated where appellant referred to

the appellee in an abusive and derogatory manner; attacked him with verbal opprobrium and physical abuse; embarrassed him before relatives and friends; threatened him with grievous bodily harm; refused marital relations; refused to cook for him or do his laundry; used vulgar and violent epithets regarding members of his family and put him out of their apartment after a violent argument. Appellant attempted to have the appellee deported and referred to him as a communist. She did not visit him while he was in the hospital undergoing surgery, which seems to corroborate the appellee in his description of her disdain for him. This course of conduct caused the appellee to become very nervous, lose weight and require medical attention.

The appellee has established a course of conduct by the appellant which rendered his life burdensome and his condition intolerable and facts from which an inference of settled hatred and estrangement on the part of the appellant can be deduced and clearly entitles the appellee to an absolute divorce on the ground of indignities. *Romano v. Romano,* 183 Pa. Superior Ct. 462, 133 A. 2d 273 (1957) ; *Politylo v. Politylo,* 173 Pa. Superior Ct. 223, 95 A. 2d 241 (1953) ; *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 130 A. 2d 265 (1957).

The husband, after having been separated from the appellant several times during their short cohabitation, was driven from their apartment at knife point in April of 1953 and he never lived with her as man and wife since that date. The circumstances of his leaving clearly establish that the appellant intended the exclusion of the appellee from the common home to be final, and that she willfully and maliciously accomplished that result. "Desertion does not consist exclusively in a wilful and malicious abandonment of the common home. Desertion results also where one is excluded from the home by the other spouse, will-

fully and without justification. Such exclusion is not 'contructive' desertion merely (though loosely so-called in isolated cases, e.g., Sowers's Appeal, 89 Pa. 173) it is actual desertion and grounds for divorce as such, in contemplation of law." *Heimovitz v. Heimovitz,* 161 Pa. Superior Ct. 522, at page 525, 55 A. 2d 575 (1947).

Here, the appellee complains that his wife, without warning or provocation, attacked him with a bread knife, called him a "bum" and threatened to kill him if he did not leave. These circumstances disclosed by the record, in the light of the wife's previous conduct to the appellee, warrant the conclusion that the husband was excluded from the common domicile in such a way as to constitute a willful and malicious desertion on her part.

The evidence is in sharp conflict. The appellant categorically denies all the testimony of the appellee, but the master believed the testimony of the appellee, portions of which were corroborated by disinterested witnesses. He disbelieved the testimony of the appellant who produced no witnesses and who clearly showed her disdain for the appellee at the hearing, when she called him a "bum", while denying in her testimony that she had ever called him any names. Although the testimony is conflicting, after considering the credibility of both parties and the witnesses, the master found that the appellee had not offered physical affront or course of conduct which would disqualify him as an injured and innocent spouse.

As the court below pointed out, "The Master analyzed the testimony in detail and set forth his reasons for crediting the plaintiff and disbelieving the defendant. We find no basis for impeaching his conclusions." The master's report, although advisory only, is to be given the fullest consideration as regards the

credibility of witnesses whom he has seen and heard and in this respect his report should not be lightly disregarded. *Romano v. Romano*, supra; *Boyer v. Boyer*, supra.

Decree affirmed.