## Jablonski, Appellant, v. Jablonski.

Argued September 29, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*T. Robert Brennan,* with him *James H. Brennan, Harry Shapera,* and *Brennan and Brennan,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE COHEN, November 24, 1959:

We allowed this appeal from the Superior Court to dispel any confusion which may exist as to the shifting of the burden of proof in divorce cases alleging desertion.

In a footnote in *Larsen v. Larsen,* 392 Pa. 609, 611, 141 A. 2d 353 (1958), we said: "When one spouse withdraws from the matrimonial domicile and the resulting separation continues for the required statutory period, the burden is upon the absenting spouse to prove consent to the withdrawal. Duncan v. Duncan, 171 Pa. Superior Ct. 69, 73, 90 A. 2d 357 (1952). And, the failure of the deserted spouse either to object to the withdrawal or request the absenting spouse to return does not establish that the withdrawal was consented to. Procopio v. Procopio, 174 Pa. Superior Ct. 157, 160, 100 A. 2d 115 (1953)."

This footnote and the cases cited therein might lead one to believe that when the plaintiff produces oral evidence that the defendant withdrew from the marital domicile and the withdrawal was for two continuous years, without more the burden of proof shifts to the

defendant to prove consent; and if consent is not proved a legal desertion is established to the extent that such a ruling may be made in favor of the plaintiff as a matter of law. This is not correct. See *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236, 163 Atl. 523 (1932). It is necessary for the plaintiff, in order to establish desertion, to show that the withdrawal from the domicile was both wilful and malicious and was persisted in for the required statutory period without reasonable cause; then if defendant produces testimony showing consent of the plaintiff to the withdrawal, this evidence may or may not overcome the plaintiff's evidence of wilfullness and maliciousness in the mind of the fact-finder. The Superior Court applied the proper test in arriving at its conclusions.

Judgment affirmed.