Yohn *v.* Yohn, Appellant.

Argued September 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John R. Henry*, with him *O'Donnell, Weiss, Mattei & Suchoza*, for appellant.

*C. Edmund Wells*, with him *Wells, Campbell & Reynier*, for appellee.

OPINION BY WOODSIDE, J., November 16, 1961:

This appeal is from a decree of the Court of Common Pleas of Montgomery County granting a divorce

a.v.m. to the appellee, Milton Eagle Yohn, on the ground of desertion.

In the master's first report he stated: "Here the defendant admits withdrawal from common domicile and the Master understands the law to be that upon such admission being made, the burden rests upon the defendant to establish by a preponderance of the evidence, . . . that her leaving was by mutual consent." The court below concluded that the master had not applied the correct rule on the burden of proof and returned the case, directing him to apply the rule set forth in the recent case of *Jablonski v. Jablonski,* 397 Pa. 452, 155 A. 2d 614 (1959).

The master, apparently applying the correct rule in his supplemental report, reaffirmed his prior conclusion and recommended that the plaintiff be granted a divorce. The court below dismissed the defendant's exceptions to this report and granted the plaintiff a final decree in divorce.

The appellant contends here, as she did before the master and the court below, that the separation from her husband was consensual. She claims that the plaintiff has not made out all the elements of a desertion and that the decision of the court below was based on a misapplication of the law relating to the burden of proof.

The law governing a divorce on the ground of desertion is set forth in *Jablonski v. Jablonski,* 397 Pa. 452, 454, supra, as follows: "It is necessary for the plaintiff, in order to establish desertion, to show that the withdrawal from the domicile was both wilful and malicious and was persisted in for the required statutory period without reasonable cause; then if defendant produces testimony showing consent of the plaintiff to the withdrawal, this evidence may or may not overcome the plaintiff's evidence of wilfulness and maliciousness in the mind of the fact-finder."

Our independent review of the evidence satisfies us that the plaintiff has established a willful and malicious withdrawal, by the defendant, from the common habitation which has persisted for the required statutory period without reasonable cause. The defendant's evidence does not overcome the plaintiff's evidence of willfulness and maliciousness.

The record establishes the following facts: The plaintiff, now 60 years of age, and the defendant, now 67 years of age, were married in August of 1925, and have one son, now 32 years of age. Throughout their married life the parties quarreled constantly. The plaintiff-husband worked hard and always provided for his family. The wife left the plaintiff in July 1950, to reside with her son by a prior marriage, and she has not communicated with her husband since that time. This action in divorce was started in May of 1958.

The husband testified that his wife had stopped wearing her wedding ring a year before she left, that she had discontinued sexual relations with him, and that she said she did not love him. Her complaint against him was, he said, money and "not wine or women." He further testified that he did not agree to her leaving, that he tried to persuade her to stay, and that he told her he did not think that his married life was such that it should be broken up.

In order to prove a consensual separation, the defendant leans heavily upon a property settlement agreement entered into weeks before the separation. This agreement provided for the division of certain household items and for the payment of $86.67 per month for her support. The agreement was not a separation agreement. It provided: "That nothing in this agreement shall be construed as a waiver of any rights either party may have to institute and proceed with divorce proceedings; . . ."

The evidence establishes that the wife insisted upon this agreement being prepared and executed. She first told the plaintiff that she would leave him unless he gave her $25 a week for herself in addition to the $20 he was giving her. She later threatened to "go to the law" if he did not agree to pay her.

A property settlement agreement is not conclusive evidence that the separation was consensual. *Salakas v. Salakas,* 162 Pa. Superior Ct. 114, 56 A. 2d 357 (1948). This particular agreement was signed before the wife left, and contained the above clause which negates an inference that it was a separation agreement. It does not establish that the separation was consensual.

The defendant testified that her husband knew she was leaving, and that he never objected. There is no doubt that the plaintiff knew that the defendant was leaving the common domicile, but the mere knowledge that a spouse is leaving the common domicile does not make the separation consensual. *Sacks v. Sacks,* 172 Pa. Superior Ct. 543, 94 A. 2d 147 (1953).

About ten years before the final separation, the defendant had left her family, and returned only after the plaintiff had their ten year old son call her and "beg" her to return home.

When she left finally in 1950, the defendant told her husband that she was leaving; she consulted a lawyer about getting support; and she arranged for the mover to come and get her property.

In her direct examination at the hearing, she said that the husband "certainly knew I was leaving . . . he definitely knew I was going . . . he knew I was going . . . I told him I was leaving," but she did not say that he consented or agreed to her leaving. She did testify that immediately before she left he did not tell her that he wanted her to stay, but she did not tes-

tify that he consented to her leaving. She testified that the question of leaving "often came up in a conversation when we were mad [and] he would say, 'if you don't like it around here, you know what you can do,' " but she stated that they did not discuss the final separation "to any end at all."

The plaintiff testified that he tried to keep her from leaving, that he did not want his home broken, and that he said she should stay, but that "she wasn't interested, she did not want to hear anything about it, she didn't love me and she didn't want to stay."

The son was called by the mother. He testified that he "knew that Mom wasn't satisfied and was thinking about leaving." Except for testifying that he never heard his father tell his mother that he did not want her to leave, the son's testimony supported the plaintiff's testimony in more respects than it supported his mother's testimony.

The master found that the plaintiff's testimony was the more trustworthy and credible. While the master's report is advisory only, it should be given the fullest consideration as regards the credibility of witnesses whom he has seen and heard, and in this respect his report should not be lightly disregarded. *Danze v. Danze,* 185 Pa. Superior Ct. 111, 114, 115, 137 A. 2d 809 (1958).

The defendant's evidence does "not overcome the plaintiff's evidence of willfulness and maliciousness." From reading the whole record, it is evident that the defendant did not love her husband, and had determined to desert him. This determination she carried out.

Decree affirmed.