Commonwealth ex rel. Pitucci, Appellant, *v.* Pitucci.

Argued March 18, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Martin A. Ostrow,* for appellant.

*Nathan L. Posner,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY ERVIN, J., April 18, 1963:

In this proceeding the wife's petition for an order on her husband for support was dismissed by the court

below because the wife did not have adequate legal reason to leave her husband.

The parties were married on April 15, 1961 in Haiti. At the time of the marriage the husband was 39 years of age and his wife 21 years of age. The husband, an American citizen, resided in Philadelphia, where his business was located. The wife was a native of Haiti. Following a religious ceremony, they spent approximately one month on their honeymoon and then returned to an apartment in Philadelphia, known as the Park Plaza, which the husband had rented. They resided there for approximately 12 days. Following a family dinner at the home of the husband's brother-in-law in Yeadon, she became upset because she felt his family would not accept her. She believed that his family regarded her as a colored person. After returning home from the family dinner she was quite upset and he telephoned to her father in Haiti in an attempt to have him calm her. She appeared to be homesick and threatened to kill herself if he left her to go to work. He remained almost constantly with her and then flew with her to Haiti, having purchased two round trip tickets with the hope that she would come back with him. Because of immigration problems she was not allowed to leave Haiti with him but he did provide the necessary documents for her return to the United States.

After he returned to Philadelphia from Haiti he did not hear from her until her aunt called him from New York and informed him that his wife was with her. He received this call on Thursday and on the following Sunday he went to New York. He was received quite coolly by his wife and the aunt opened the conversation by demanding money for a divorce. For about an hour he endeavored to save the marriage but then, after this seemed hopeless, discussed a property settlement with the aunt. He gave his wife $50.00 and agreed to pay

her $20.00 a week for her support. The wife refused to come back to Philadelphia to live with him although he retained the apartment for some time with the hope that she might change her mind. He was informed by the aunt that on the next day they were going to move from the hotel to an apartment and that they would notify him of their new address. He did not hear from them until a short time later, when this support action was instituted in Philadelphia.

There was considerable difference in the testimony and the trial judge felt that the husband's testimony was more credible than the wife's testimony. A judge who sees and hears the witnesses in a case such as this is in a better position than we to decide the issue on its merits and our function on appeal, therefore, is merely to determine whether the lower court is chargeable with an abuse of discretion: *Com. ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720. There can be no doubt under the evidence but that the wife did leave the husband and we do not believe that the husband gave her any cause to do so.

A voluntary withdrawal of a wife from her husband without adequate legal reason defeats her right to support: *Com. v. Bachman*, 108 Pa. Superior Ct. 422, 164 A. 833; *Com. ex rel. Pinkenson v. Pinkenson*, supra, at p. 229.

The wife does not really assert that the husband complained of her color. She avers that some members of his family did. His wife's color made no difference to him and certainly he is not responsible for the conduct of his family, assuming that such conduct existed. We are convinced from a reading of the entire record that the husband loved his wife and wanted to make a success of this marriage. She wanted to live in New York City or in New Jersey, knowing full well that her husband's business was in Philadelphia.

It is the duty of a husband to provide a suitable home within his means and his choice as to kind and location is controlling if reasonable and if exercised in good faith. In such circumstances it is incumbent upon the wife to live with him there: *Kowalchick v. Kowalchick,* 187 Pa. Superior Ct. 201, 144 A. 2d 742. The husband always lived in Philadelphia, his business and livelihood is located in Philadelphia, he obtained a proper place within his means for their marital domicile and her withdrawal from that home was without adequate legal reason.

The wife attempts to use the conduct at the meeting in New York after the desertion as a basis for an argument that the husband consented to the withdrawal. A reading of the testimony does not support the wife's position. As soon as the husband entered the aunt's apartment in New York, the aunt, who did practically all of the talking, immediately brought up the question of a divorce and the amount of money for which it could be obtained. On the contrary, the husband wanted his wife to return to Philadelphia and live with him. It was only after he concluded that she would not do so that he agreed to talk about a separation agreement. This meeting, however, occurred after she had deserted her husband, he having given her no cause for so doing. We do not believe that his conduct at that meeting amounted to a consent to her original withdrawal. Only after he was confronted with the situation that she refused to live with him in Philadelphia did he talk of a separation agreement. A property settlement agreement is not conclusive evidence that the separation was consensual: *Yohn v. Yohn,* 196 Pa. Superior Ct. 506, 510, 175 A. 2d 117. At the time of the New York meeting the wife's withdrawal was consummated. On the other hand, the husband retained possession of the apartment in Philadelphia for some time after the meeting with the hope that his wife

would change her mind and return to him. We are convinced that there was no abuse of discretion by the court below.

Order affirmed.