Commonwealth ex rel. Ostroff, Appellant, *v.*
Newmark.

Argued March 16, 1964. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*William Brodsky,* for appellant.

*Herbert L. Floum,* with him *Herman Weiner,* for appellee.

OPINION BY MONTGOMERY, J., April 14, 1964:

Rose Snyder Newmark is the wife of the defendant and the ward of relator Benjamin Ostroff, his appointment as her guardian having been made by order of court dated March 26, 1962, which order declared her to be an incompetent. The proceeding through which she was so declared was instituted by the Philadelphia State Hospital in which she had been a patient since January 29, 1962.

Previously, in 1959, Mrs. Newmark had secured an order of court awarding her $30 per week from her husband. At that time his gross weekly salary was $178 and his weekly take home pay $146.13. On October 30, 1962, the guardian had the order amended so that it was payable to him; and on June 21, 1963, he petitioned the court for an increase in the amount of same for two reasons, (a) the husband's income had increased and (b) on the recommendation of a doctor it was desirable that Mrs. Newmark be removed from the hospital where her weekly charge was $27.30, to a retirement hotel known as Walnut Park Plaza, where guests receive two meals a day plus social activities, and the charges run from $150 to $200 per month. Un-

der this new arrangement she would become an outpatient at the Philadelphia State Hospital.

Mrs. Newmark is described as being in a fair state of remission, having suffered for a period of four to six years an involutional psychotic reaction (menopausal depression) with an uncertain prognosis as to when, if ever, she would be restored to her normal condition. She has a history of psychiatric treatments since 1957 as an institutional patient, of release, and of subsequent institutional treatment.

The lower court did not pass on the husband's ability to pay more but dismissed the petition for an increase solely on the basis that there was no positive testimony that Walnut Park Plaza or any other similar place was available to her and found that all of her expenses as a patient in the Philadelphia State Hospital were being met by the existing order.

We have stated repeatedly that orders of this nature are largely within the discretion of the hearing judge, and that we will not disturb them unless an abuse of that discretion is clear. *Commonwealth ex rel. Pitucci v. Pitucci,* 200 Pa. Superior Ct. 591, 189 A. 2d 912 (1963). Although we might agree with counsel for the guardian of Mrs. Newmark that it would be more desirable for her to live some place other than in the Philadelphia State Hospital, in the absence of more definite evidence that she would be acceptable elsewhere, we are not prepared to say that Judge PIEKARSKI abused the wide discretion which the law imposes in him. At such time as the arrangements for her transfer to other surroundings become more definite the lower court may again be asked to increase the order; and we are sure that such a petition will be given utmost consideration. Matters of this nature are more in the nature of social welfare problems than of litigation between contesting parties. It cannot be argued that the condition of the parties has not changed

since the date of the original order; however, evidence to justify a change in the order is lacking.

Order affirmed.

DISSENTING OPINION BY WRIGHT, J.:

This record clearly discloses that the condition of the parties has changed importantly since the date of the original order in that (a) the husband's income has materially increased, and (b) the condition of the wife has improved to the extent that she should be removed from the Philadelphia State Hospital and become an out-patient.

It appears that York House, suggested by Dr. Maskrey,[1] has a long waiting list, but that Walnut Park Plaza will be presently available if Mrs. Newmark meets with the approval of the interviewing committee. Furthermore, the sum of $30.00 per week is barely sufficient to pay the minimum charge at the Philadelphia State Hospital, and is woefully inadequate for Mrs. Newmark's comfortable maintenance. I would remand this case for further hearing and the entry of a substantially increased order.

ERVIN, J., joins in this dissenting opinion.

---

[1] "Mrs. Newmark isn't actively psychotic at the present time, but she does lack initiative and drive, isn't able to stand tensions or take a great deal of responsibility. Life at the hospital is rough on a person of that nature, and I would like to see her have her chance to get out and live a more normal life, though she is not able to take, as I say, a lot of responsibility or tension. Therefore, I would suggest that she go into some sort of a home where she will be looked after a bit. She is Jewish, and I had in mind York House, because I've heard of that. I thought it would be congenial for her and might give her that chance to live a far more normal life than she is able to live in the hospital. She is fifty-nine years old only, and she has years ahead of her".