## Craig v. Craig, Appellant.

Argued November 15, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James M. McIntyre,* for appellant.

*Martin E. Geary,* with him *Bailey and Geary,* for appellee.

Opinion by Gunther, J., January 17, 1952:

Frances R. Craig, appellee, instituted this action in divorce *a mensa et thoro* charging indignities to the person. The cause was heard by the court below and a decree granting the divorce entered. There is merit to the husband's contention that the evidence is wholly insufficient to warrant a decree of divorce; the decree will be reversed.

The proof required in an action *a mensa et thoro* must be as clearly established as in an action for absolute divorce. *Arnold v. Arnold,* 128 Pa. Superior Ct. 423, 424, 194 A. 229; *Jones v. Jones,* 144 Pa. Superior Ct. 372, 19 A. 2d 480. The right to a divorce must be established by evidence that is clear and satisfactory and disclosing a course of ill-conduct (as distinguished from mere isolated incidents) from which an inference of settled hate and estrangement may be deduced rendering the plaintiff's condition intolerable and life burdensome. *Monaco v. Monaco,* 160 Pa. Superior Ct. 117, 118, 50 A. 2d 520; *Esenwein v. Esenwein,* 312 Pa. 77, 80, 167 A. 350. In weighing the evidence, a divorce should not be decreed based upon merely a slight preponderance of the evidence.

When the foregoing well-established principles are applied in an impartial evaluation of the evidence of the plaintiff and her witnesses it becomes abundantly obvious that the plaintiff has failed to meet the burden

of proof of establishing her right to a divorce by clear and satisfactory evidence.

The plaintiff, age 52, and the defendant, age 65, were married on September 12, 1945. It was the second marriage for both parties. Plaintiff testified that for approximately one and one-half years the parties lived happily together; that discord arose in the latter part of 1947 when defendant refused to repair a broken window pane; that from time to time defendant refused to speak to his stepdaughter and that he "spied" on his stepdaughter when she was being courted in their parlor. No weight can be afforded the circumstance that defendant kept two revolvers in the bed. Plaintiff candidly admits that defendant never threatened her with them; that the revolvers were kept available for protection since their home had been burglarized a short time before. Plaintiff complained that defendant on one occasion stopped up a kitchen electric socket with a small piece of cardboard following a little quarrel; that defendant on occasion refused to eat dinners the plaintiff had prepared for him; that on other occasions at the dinner table defendant did not speak to the plaintiff or his stepdaughter. The one incident upon which plaintiff strongly relies occurred March 5, 1949, one day before the parties separated. Plaintiff arrived home about 2:30 a.m. and a quarrel ensued in which the plaintiff contends defendant tried to throw her over the second floor bannister. The incident viewed in the overall picture fails to persuade for the reason that it was provoked by plaintiff's completely unexplained return home at a most unusual hour; the inquiries that followed were normal, expected and justifiable.

Plaintiff called her daughter as a witness on her behalf. This young lady, age 17, lived with the parties almost all of their married life together. It is important to observe that her only complaint was the silent treat-

ment defendant pursued on occasion and his "spying" when she was being courted. She was unable to establish any ill-conduct on the part of the defendant except as related. Had ill-conduct, hatred, studied neglect or other forms of ill-conduct and estrangement existed this witness would have been in a position to observe.

The error of the court below was in its liberal appraisal of the foregoing evidence as constituting ground for divorce. Plaintiff's evidence does nothing more than reveal slight, isolated and irregular acts of misconduct. They are insufficient. *Breene v. Breene*, 76 Pa. Superior Ct. 568; *Mathias v. Mathias*, 114 Pa. Superior Ct. 444, 174 A. 821. We have dismissed divorce proceedings where the severity of indignities far surpassed those developed in the case at bar. For example, see *Arnold v. Arnold*, 128 Pa. Superior Ct. 423, 194 A. 229; and *Hahne v. Hahne*, 168 Pa. Superior Ct. 324, 77 A. 2d 682. The question of resolving the credibility af the witnesses poses no difficulty for, assuming the truth of the testimony of the plaintiff and her witnesses, plaintiff has failed to make out her case. Upon our independent examination of the testimony we conclude that the court below erred in granting the divorce.

Decree reversed; complaint dismissed.