## Hansell *v.* Hansell, Appellant.

Argued October 4, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Henry W. Koons,* for appellant.

*Francis G. Wenzel,* for appellee.

OPINION BY WRIGHT, J., November 13, 1956:

We are here concerned with a divorce action instituted by the husband against the wife on the ground of indignities. The master recommended that the divorce be granted. Exceptions were dismissed by the court below, and the master's recommendation was approved. A final decree was entered on February 6, 1953, whereupon the wife appealed to this court. On November 16, 1953, it appearing that the wife had been committed to an institution for mental treatment, we remitted the record to the court below for such action "as may be necessary to protect the interest of defendant". Following the remission of the record, the court below appointed a guardian ad litem and ordered the husband to pay alimony "during the period of defendant's mental incapacity". At the time of oral argument we were informed that the wife had been released from the mental institution and desired to discontinue the appeal. We nevertheless directed that the case should be argued in order to make certain that the legal requirements were fully satisfied.

Under the circumstances we deem it unnecessary to recite the facts. Counsel for appellant does not contend that the conduct of the wife resulted from ill health. See *Moyer v. Moyer,* 181 Pa. Superior Ct. 400, 124 A. 2d 632. Nor does he contend that the indignities testified to by the husband are insufficient to justify a decree. His sole contention is that the decree was improperly entered because the husband's testimony "is almost entirely uncorroborated and categorically denied by the wife".

To render applicable the rule that a divorce will not be granted upon plaintiff's uncorroborated testimony, it must appear that the plaintiff's testimony was not only contradicted, but shaken by the defendant: *Jones v. Jones,* 160 Pa. Superior Ct. 358, 51 A. 2d 521; *Fogel v. Fogel,* 161 Pa. Superior Ct. 361, 54 A. 2d 844; *Miln v. Miln,* 175 Pa. Superior Ct. 613, 106 A. 2d 862. The case at bar does not present such a situation. Nor is the master's finding as to credibility at variance with the record. See *Rankin v. Rankin,* 181 Pa. Superior Ct. 414, 124 A. 2d 639. It must therefore be given the fullest consideration: *Greer v. Greer,* 178 Pa. Superior Ct. 643, 115 A. 2d 794. We have examined the voluminous original record with extreme care and have reached the conclusion that appellant's contention was properly disposed of by the court below. In the words of Judge GUERIN:

"The Master had the opportunity of seeing and hearing the witnesses testify, which may have been of substantial assistance to him in passing upon their credibility. We have not, but from the mere reading of the notes of testimony, the conclusion is inescapable that defendant was an evasive and defiant witness. Analyzing her entire testimony, and in the light of all the other testimony and evidence in the case, we are led to agree with the conclusion of the Master that defendant was unworthy of belief. She was contradicted in part by her own witness, and by her two children on important issues. The Magistrate's certificate and the letter from the school authorities are further contradictions.

"We do not have here a case where both parties are equally at fault; nor is it one involving the oath of plaintiff against defendant. Plaintiff's testimony established clearly a course of conduct on the part of defendant toward plaintiff embraced within the definition

of indignities to the person as contained in numerous decisions of the appellate courts. He was corroborated in some details; defendant's bare denials are rendered valueless, when considered in connection with her many contradictions and her manifest disdain and contemptuous attitude toward the entire proceedings before the Master".

Decree affirmed.