## Bruno, Appellant, *v.* Bruno.

Argued November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Allen N. Brunwasser,* for appellant.

*Zeno Fritz,* for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

Marietta Adduci, a widow, aged 57, and Vito Donato Bruno, a widower, aged 60, were married on May 17, 1952. Thereafter they lived together intermittently for twenty-seven months. On June 28, 1955, Marietta instituted suit for a divorce from bed and board[1] under Section 11 of The Divorce Law. Act of 1929, P. L. 1237, Section 11, 23 P.S. 11. After hearing the testimony, the master concluded that Marietta was not entitled to a decree. The court below approved the master's report, and dismissed the complaint. This appeal followed.

At the time of their marriage, appellant owned two properties at Nos. 84 and 89 Harlem Street in McKees Rocks, Allegheny County. She and her two sons occupied the second and third floors of No. 89, and she retained possession of those living quarters during the marriage. Appellee owned a home at No. 1619 Crawford Avenue, Altoona, Blair County. Prior to the marriage appellant insisted upon the execution by appellee of an instrument releasing any interest which he might thereby acquire in her properties, but refused to sign a similar instrument in favor of appellee. The record discloses that the marriage was primarily a matter of convenience. In this connection we quote the following excerpt from the well-considered opinion of Judge NIXON:

"The marriage of these two people was one of convenience in old age, each hoping to get something from

---

[1] For a persuasive criticism of the continued existence of the remedy of divorce from bed and board, see Freedman, Law of Marriage and Divorce in Pennsylvania, 2nd Edition, section 354.

the other. The defendant needed someone to take care of his home, to do the cooking, cleaning and other chores of a housewife in a family where there was still a young unmarried son in addition to the husband; the plaintiff needed, or thought she needed, a man who would not only give her a home and support her, but also one who would help her repair her properties in McKees Rocks, which evidently needed repairs which her own sons failed to make.

"During the early days of the marriage everything went along fairly well. The wife was at her husband's home in Altoona. She did the laundry, cooking, and other work of the household, and on weekends she and her husband went to McKees Rocks where he 'worked like a jackass' according to plaintiff's sons. Defendant soon tired of spending the weekends in McKees Rocks, particularly when plaintiff's sons ill-treated him.

"Thereafter plaintiff made the trips to McKees Rocks alone. These trips became more frequent and defendant objected, which led to misunderstandings, arguments and bickering over trifling matters. It was not long until there was open hostility between them—the wife complaining that the husband had failed to live up to his promise, and that he mistreated her, while the husband became suspicious and critical of his wife, accusing her of stealing food and failing to do the necessary housework, so that there was no peace in the household".

Appellant's sole argument on this appeal is that "the record indicates sufficient grounds" for a decree. Both parties testified before the master, neither with corroboration. While a divorce may be granted on the uncorroborated testimony of the plaintiff, this is not true where, as in the case at bar, that evidence is not only contradicted but shaken by the testimony of the

defendant: *Hansell v. Hansell,* 182 Pa. Superior Ct. 158, 126 A. 2d 509. The proof in an action for divorce from bed and board must be as clearly established as that required in an action for absolute divorce: *Craig v. Craig,* 170 Pa. Superior Ct. 530, 85 A. 2d 626. While we are not concluded thereby, the master's appraisal of the testimony is entitled to the fullest consideration especially when, as in the instant case, his report presents a searching analysis: *McElroy v. McElroy,* 185 Pa. Superior Ct. 78, 138 A. 2d 299. In a proceeding for divorce from bed and board in which the master's report is approved by the lower court, we are not readily inclined to interfere with the result: *Colin v. Colin,* 181 Pa. Superior Ct. 564, 124 A. 2d 184.

The instant case presents no unusual legal problems, nor would any useful purpose be served by reviewing the evidence in detail. Suffice it to say that our independent examination of the original record has convinced us that the conclusion of the master and the court below should not be disturbed.

Decree affirmed.