## Young, Appellant, v. Young.

Argued April 12, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*H. David Rothman,* for appellant.

*Leo J. Kelly,* with him *Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY WRIGHT, J., June 15, 1960:

On July 31, 1959, George E. Young filed a complaint in divorce a.v.m. against his wife, Christine Ann Young, on the ground of desertion. After the filing of an answer and the determination of a rule for alimony pendente lite and counsel fees, testimony was taken

before Honorable WILLIAM H. MCNAUGHER, President Judge of the Court of Common Pleas of Allegheny County. On November 10, 1959, the hearing judge entered a decree dismissing the complaint.[1] This appeal followed.

The parties were married on January 20, 1930, and lived together until July 6, 1957. The husband is 50 years of age and the wife is 49. Six daughters were born to their union, ranging in age from 20 to 28 years at the time of the hearing. For a number of years immediately prior to the separation the parties lived at 66 Oakwood Road, which had been the home of the wife's parents. Although the husband was employed as a pipefitter making $4.15 per hour, he gave his wife only $20.00 per week for groceries, including milk, never bought her anything in the way of clothing, provided nothing in the way of furniture and linens, and failed to arrange for necessary repairs. The physical condition of the dwelling was "terrible", and the daughters were ashamed to bring their friends into the home. The roof leaked, the window sills were rotting, the plaster was down, the commode overflowed, and the grounds were covered with long grass and weeds. The husband devoted no time whatever to his wife and children, but admittedly spent his evenings, and also Sundays, until the early hours of the morning at a club and in taverns. The wife worked part-time in order to keep the home going. Only two of the daughters finished high school. All of them worked and contributed a portion of their earnings to their mother. On one occasion, about a year before the separation, one of the daughters was sitting in a car in front of the house with her boy friend instead of coming in at 12:30 A.M., which

---

[1] As a matter of procedure, there was properly no review of the decision of the hearing judge by the court en banc. Cf. *Decker v. Decker*, 192 Pa. Superior Ct. 234, 160 A. 2d 242.

was the father's iron-clad requirement. The father thereupon locked the daughter out of the house and the mother let her in. As a result of this incident there was a violent argument between the parties. The husband locked his bedroom door, and never again spoke to his wife. Following the separation, the wife was granted an order of support, July 31, 1957, in the amount of $75.00 per month.[2]

The wife testified that she "stuck it out until my girls got old enough". Early in July, 1957, she and the three daughters who were yet unmarried, moved to an apartment in the home of the husband's sister, Mrs. Dorothy Bodnar, who corroborated portions of the wife's testimony. The youngest daughter, the only one unmarried at the time of the hearing, also was a witness on her mother's behalf. The husband's case rested entirely on his own testimony. He stated that he did not ask his wife to leave, and that the home is still open for her to return. He therefore contends that his wife's absence constitutes desertion. On the contrary, we agree with the hearing judge "that the credible evidence in the case was presented by the defendant and her witnesses and that it was sufficient to warrant her setting up a home of her own".

It was appellant's burden to establish the alleged desertion by clear and convincing evidence: *Jablonski v. Jablonski*, 188 Pa. Superior Ct. 337, 146 A. 2d 813; affirmed 397 Pa. 452, 155 A. 2d 614. In the words of Mr. Justice COHEN in the *Jablonski* case: "This footnote and the cases cited therein might lead one to believe that when the plaintiff produces oral evidence that the defendant withdrew from the marital domicile and

---

[2] While the fact that the wife obtained a support order is not controlling, it is a circumstance to be given consideration: *McNally v .McNally*, 176 Pa. Superior Ct. 494, 108 A. 2d 839. And see *D'Alfonso v. D'Alfonso*, 138 Pa. Superior Ct. 378, 10 A. 2d 808.

the withdrawal was for two continuous years, without more the burden of proof shifts to the defendant to prove consent; and if consent is not proved a legal desertion is established to the extent that such a ruling may be made in favor of the plaintiff as a matter of law. This is not correct. . . It is necessary for the plaintiff, in order to establish desertion, to show that the withdrawal from the domicile was both wilful and malicious and was persisted in for the required statutory period without reasonable cause".

The attitude of this appellant toward his wife and his family and his home was even more culpable than that of the husband in *Schware v. Schware,* 192 Pa. Superior Ct. 166, 159 A. 2d 568, wherein the wife also "stuck it out to have a home for her daughter". In the *Schware* case we affirmed the grant of a divorce to the wife on the ground of indignities to the person. In the instant case President Judge McNAUGHER correctly took the position that the wife would have been entitled to a decree in divorce on the same ground. Furthermore, appellant entirely "failed in his burden of proving himself an injured and innocent spouse": *Jones v. Jones,* 189 Pa. Superior Ct. 461, 151 A. 2d 643.

Our independent review of this original record clearly discloses that the case was properly decided in the court below, and that there is no merit whatever in this appeal. Cf. *Baxter v. Baxter,* 192 Pa. Superior Ct. 62, 159 A. 2d 533.

Decree affirmed.