## Reddick, Appellant, *v.* Reddick.

Argued November 17, 1960.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Samuel Goldstock,* with him *Goldstock, Schwartz & Schwartz,* for appellant.

*Ralph H. German,* with him *Rose, Houston, Cooper and Schmidt,* for appellee.

OPINION BY WRIGHT, J., January 4, 1961:

On March 31, 1959, Ann Reddick, also known as Ann R. Radack, filed a complaint in divorce a mensa et thoro against her husband, Albert Reddick, also known as Albert Radack, on the ground of indignities to the person. After the determination of a petition for counsel fees and alimony pendente lite, and the filing of a bill of particulars, testimony was taken at three hearings before Honorable HOMER S. BROWN, one of the Judges of the Court of Common Pleas of Allegheny County. On July 13, 1960, the hearing judge entered a decree dismissing the complaint. This appeal followed. As set forth in the opinion below:

"The facts of the case are briefly, as follows: The parties were married on September 11, 1935 and at the time of the hearing the wife was 45 years of age, and the husband 47 years of age. No children were born of this marriage. Both parties are of the Roman Catholic faith.

"The wife testified that domestic difficulties began about a year after their marriage. During the years 1936 to 1941 the alleged indignities consisted of working for 5 years; living with defendant's family for 13 years; shoving the wife once on the street; throwing a glass of water in the wife's face; striking the wife plaintiff in the face after breakfast; accusing the wife of misplacing a letter; comparing the wife unfavorably to other women; calling the wife vile, indecent and in-

sulting names; and placing an unloaded gun at the wife's head.

"Defendant was in the military service from 1942 to 1945. During this time, at a U.S.O. the defendant ignored plaintiff; that one Sunday defendant refused to attend church with plaintiff and when he returned, he struck her, called her vile names because she had given a soldier directions; that he made threats and she was forced to jump from the fast-moving car almost seriously injuring herself.

"From 1946 to the time of separation, defendant displayed a jealous disposition; insulted plaintiff while in company of others; tortured their dog; would not talk to plaintiff and when he did, he would shout loud and insulting remarks; he would beat her; and he showed unusual attention to a female friend; was not sociable when the parties went out together.

"In September of 1956 the parties received a nine-year-old girl for adoption. Defendant argued and used vile language and otherwise acted disrespectful in front of the child, causing the child to be returned to the orphanage. Defendant would play their organ in a loud manner; refused to contribute to the church building fund; argued constantly, using vile language on many occasions in front of other people; and defendant had admitted having affairs with other women".

In the presentation of his side of the case, the husband either denied or explained all of appellant's accusations. His theory was that his wife's testimony created a completely misleading picture of their marriage, that it related to incidents of a trivial nature, and that it entirely failed to establish a course of improper conduct on his part. He testified that he "was proud of his wife", that he was still in love with her, that she was "a wonderful wife", and that she "always represented high moral and spiritual value".

Although Section 11 of The Divorce Law[1] provides that it shall be lawful for a wife to obtain a divorce from bed and board, the continued existence of the remedy has been severely criticized. See Freedman, Law of Marriage and Divorce in Pennsylvania, 2nd Edition, section 354. When the lower court has dismissed a complaint of this nature, we are not readily inclined to interfere with the result: *Bruno v. Bruno,* 185 Pa. Superior Ct. 219, 138 A. 2d 301. The burden of proof is the same as that in an action for absolute divorce: *Craig v. Craig,* 170 Pa. Superior Ct. 530, 85 A. 2d 626. The conclusions of the trial judge, who saw and heard the witnesses, are entitled to careful consideration on appeal and will not lightly be disturbed: *Porter v. Porter,* 161 Pa. Superior Ct. 119, 53 A. 2d 833. The following statement from *Coon v. Coon,* 173 Pa. Superior Ct. 60, 95 A. 2d 344, is particularly applicable to the situation in the case at bar: "The fact that plaintiff has not overlooked any incident of their married life which tended to support the charge is not without significance. And the cumulative effect of his testimony as a whole is considerably diluted by the recital of incidents, many of them trivial, extending back over a period of 26 years or more".

In *Schware v. Schware,* 192 Pa. Superior Ct. 166, 159 A. 2d 568, we reiterated the legal principles applicable to the charge of indignities to the person. It is unnecessary to burden this opinion by repeating them here. This court is required to consider the evidence de novo, pass upon its weight and upon the credibility of witnesses, and reach an independent conclusion upon the merits as to whether a legal cause for divorce has been well established: *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 108 A. 2d 836. As we said in *Baxter v. Baxter,* 192 Pa. Superior Ct. 62, 159 A. 2d 533: "This

[1] Act of May 2, 1929, P. L. 1237, Section 11, 23 P.S. 11.

appeal does not involve any unusual legal questions. The applicable principles are well settled and have been frequently restated. The interest of the Commonwealth in the preservation of the marriage status makes it an interested third party in every divorce proceeding . . . A decree of divorce must be founded upon compelling reasons and upon evidence that is clear and convincing . . . A decree will not be granted upon the plaintiff's uncorroborated testimony if it is contradicted and shaken by that of the defendant . . . Conduct provoked by the plaintiff is not ground for divorce unless the retaliation is excessive". See also *Rankin v. Rankin*, 181 Pa. Superior Ct. 414, 124 A. 2d 639; *Fisher v. Fisher*, 154 Pa. Superior Ct. 497, 36 A. 2d 168; *Romano v. Romano*, 128 Pa. Superior Ct. 409, 194 A. 328.

We have carefully reviewed this voluminous original record. In addition to her own testimony, appellant called nine witnesses. Four of them were her two sisters and their husbands, who corroborated appellant in a few particulars of minor consequence. Four were friends whose testimony was not particularly relevant or convincing. One witness, Mrs. Mary Parsons, flatly contradicted appellant and corroborated the husband. The wife's story was strongly shaken on cross-examination. As stated in the opinion below, she was "vague, evasive, indifferent and unimpressive". She admitted that the marriage was reputedly an ideal one, that there was nothing illicit about her husband's allegedly improper relationship with other women, and that she was as guilty as her husband of name-calling during the heat of argument. As was the hearing judge, we are more inclined to credit the testimony of the husband and his six witnesses, and fail to perceive sufficient basis for the wife's decision, March 5, 1959, to leave the common home.

To summarize, we have not been persuaded that the cumulative effect of all the incidents of this long-con-

tinued union exhibits settled hate and estrangement on the husband's part, or demonstrates a course of conduct which made the wife's life burdensome and her condition intolerable. We agree with Judge BROWN that appellant "has not made out a case to establish legal cause for this divorce".

Decree affirmed.