Lilley *v*. Lilley, Appellant.

Submitted September 12, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alexander Schamban,* and *D'Agui & Del Collo,* for appellant.

*Abraham T. Needleman,* and *Jerome Gamburg,* for appellee.

Opinion by Rhodes, P. J., November 16, 1961:

Plaintiff-husband instituted an action against his wife seeking a divorce a.v.m. on the grounds of desertion. The case was referred to a master who heard testimony and filed a report recommending a decree based on desertion. The court below dismissed the wife's exceptions to the master's report and ordered a decree to be entered on the ground alleged in the complaint. The wife-defendant appealed from the entry of the final decree.

While the report of the master who saw and heard the witnesses is entitled to the fullest consideration, especially on the issue of credibility, we are required to review the record and reach an independent conclusion. *Smith v. Smith,* 157 Pa. Superior Ct. 582, 583, 43 A. 2d 371; *Horne v. Horne,* 191 Pa. Superior Ct. 627, 633, 159 A. 2d 239.

The parties lived together from June 23, 1915, the time of their marriage, until 1916, when defendant left taking their infant son. In 1919, a reconciliation was effected; they resumed cohabitation until January of 1927, when defendant again left the home and never returned. The present divorce action was instituted by plaintiff on September 24, 1959. Plaintiff is presently 67 years of age; defendant is 65.

Desertion entitling an injured and innocent spouse to a divorce consists of an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years. The guilty intent is manifest when, without cause or consent, either party withdraws from the residence of the other. *Ingersoll v. Ingersoll,* 49 Pa. 249; *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 199, 40 A. 2d 108. See *Jablonski v. Jablonski,* 397 Pa. 452, 155 A. 2d 614. Only such cause as would itself warrant a divorce is reasonable cause for desertion. *Jones v. Jones,* 189 Pa. Superior Ct. 461, 465, 151 A. 2d 643.

Following their marriage in 1915, the parties lived at 1414 Pemberton Street, Philadelphia. According to plaintiff, defendant agreed to live under the same roof with his mother. Defendant, on the other hand, contended she only agreed to live with the mother temporarily; that she never got along with her mother-in-law; and that this was one of the causes of the separation. There were two children of the marriage, a daughter born August 20, 1915, and a son born August 21, 1919. Plaintiff stated that defendant was satisfied to live with his mother, who cooked the meals and looked after their two children while defendant was at work. Plaintiff said he ceased sleeping with defendant about two weeks before the final separation in January, 1927, because she threatened to burn him with hot oil as he slept. On occasions when plaintiff attended lodge meetings, defendant would argue with him and falsely accuse him of running around. When defendant left in January of 1927, she took the children with her, together with her clothing and the bedroom furniture. Plaintiff made several bona fide attempts at reconciliation following defendant's departure in January, 1927, more particularly at Easter and Christmas of the following year when he visited his wife at her mother's residence. Defendant cursed him, refused his request to return, and said she did not want to be bothered with him.

Defendant admitted leaving her husband in January of 1927, but contended that her leaving was justified. She stated that a week or ten days prior to her final departure, in the course of an argument about his mother, plaintiff threw defendant through a window. Despite several beatings testified to by the defendant, she did not register any complaint with the police or consult a doctor for treatment of her alleged injuries. Defendant was vigorous in her assertion she never got along or agreed to live with her mother-in-law, and

stated she urged plaintiff to provide a separate home. In other parts of her testimony, defendant testified she would permit the mother to live with them and care for the children while defendant worked in any separate home plaintiff provided. Defendant admitted that, although she saw plaintiff on several occasions following the final separation, she made no attempt at reconciliation. At the time of the hearings defendant lived in and owned premises at 2629 Latona Street, Philadelpia, where she has had a male roomer for the past eighteen years. Plaintiff and defendant each called a witness in addition to their own testimony, but the testimony of both witnesses was of slight value and offered no corroboration on material points.

The plaintiff's evidence, if accepted as verity, established a cause for divorce on the ground of desertion. While the testimony of the defendant contradicted that of plaintiff, to some extent, it failed to show that her leaving was for a justifiable cause. Viewed in its entirety, the defendant's testimony is, in many respects, inconsistent and contradictory. Apparently defendant was able to get along with her mother-in-law, and defendant's demand for a separate home amounted to little more than a desire to live in another location.

The master's appraisal of credibility, though not binding upon the appellate court, is entitled to the fullest consideration, especially where he has reviewed the testimony in detail and given specific reasons for his findings on credibility. *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371; *Williams v. Williams,* 180 Pa. Superior Ct. 114, 119, 120, 118 A. 2d 591. The master's findings on credibility are especially important in a contested case where there is little corroboration of the testimony of the parties. *Wiggins v. Wiggins,* 171 Pa. Superior Ct. 298, 301, 90 A. 2d 275.

The master who saw and heard the parties was impressed with the forthright answers and directness of

plaintiff's testimony. Further, the master noted that defendant made peculiar and annoying noises while plaintiff was testifying, and that defendant was overly zealous in her effort to impress the master with the truth of her own testimony. The crucial issues in this case, including the question of whether defendant had legal cause for leaving and remaining away from the marital domicile, hinged largely on credibility. Defendant's testimony by way of establishing reasonable cause for the separation is neither weighty nor convincing. This action does not fall within the category of the cases relied upon by counsel for defendant, such as *LaClair v. LaClair*, 128 Pa. Superior Ct. 469, 478, 194 A. 224, and *Dello Buono v. Dello Buono*, 193 Pa. Superior Ct. 118, 124, 163 A. 2d 662, which hold that, where the uncorroborated testimony of the plaintiff is contradicted and shaken, a cause for divorce has not been made out and plaintiff's action must fail.

From a careful review of the record we conclude that the findings and conclusions of the master, approved by the court below, must be affirmed.

The decree is affirmed.