Commonwealth ex rel. Reddick *v.* Reddick, Appellant.

112

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John L. Bailey*, with him *William J. Graham,* and *Weller, Wicks & Wallace,* for appellant.

*Samuel Goldstock,* with him *Henry H. Foster, Jr.,* for appellee.

OPINION BY WRIGHT, J., June 13, 1962:

This is an appeal by Albert Reddick from an order of the County Court of Allegheny County, entered January 11, 1962, requiring him to pay the sum of $50.00 a week for the support of his wife, Ann Reddick. No question is raised concerning the amount of the order.

The parties were married on September 11, 1935, and have no children. Apart from two brief separations and the period that the husband was in military service, they resided together until the wife left the common home on March 5, 1959. On March 31, 1959, the wife filed a complaint in divorce a mensa et thoro on the ground of indignities to the person. This complaint was dismissed by the Court of Common Pleas of Allegheny County and on appeal to this court, the decree was affirmed. See *Reddick v. Reddick,* 194 Pa. Superior Ct. 257, 166 A. 2d 553.

The first question involved in the present appeal is whether the denial of the divorce a mensa et thoro is a bar to a subsequent action by the wife for support. Our answer is in the negative. This question was settled in *Commonwealth v. Scholl,* 156 Pa. Superior Ct. 136, 39 A. 2d 719, wherein President Judge KELLER made the following pertinent statement: "The dismissal of a wife's libel for divorce from bed and board, even if upheld on appeal, is not an adjudication that she is not entitled to maintenance and support from her husband. That is a matter for the court of quarter sessions to decide. The jurisdiction of the court of common pleas ends with the dismissal of the divorce proceedings and the affirmance of its decree".

Appellant contends that the language of President Judge KELLER in the *Scholl* case was merely obiter dicta. His position is that a wife seeking separate maintenance from her husband is provided with an election of remedies; that she may either institute an action for a divorce a mensa et thoro, or file an in-

formation under the provisions of the support law; and that, having unsuccessfully exercised her option, she may not now pursue the alternate remedy. We are not in accord with this contention. Our consideration of the two proceedings discloses that the issues involved and the degree of proof required are not the same.

In an action for a divorce from bed and board, the burden of proof is equal to that in an action for absolute divorce: *Craig v. Craig,* 170 Pa. Superior Ct. 530, 85 A. 2d 626; *Bruno v. Bruno,* 185 Pa. Superior Ct. 219, 138 A. 2d 301; *Sims v. Sims,* 188 Pa. Superior Ct. 439, 149 A. 2d 528. To support a charge of indignities, the wife must establish conduct on the part of her husband from which an inference of settled hate and estrangement may be deduced: *Kramer v. Kramer,* 194 Pa. Superior Ct. 538, 168 A. 2d 624; *Giuffre v. Giuffre,* 187 Pa. Superior Ct. 154, 144 A. 2d 477. There is no requirement that a wife, suing for divorce from bed and board because of indignities, must be an innocent and injured spouse: *Hurley v. Hurley,* 180 Pa. Superior Ct. 364, 119 A. 2d 634; *Wick v. Wick,* 352 Pa. 25, 42 A. 2d 76.

On the other hand, the only legal cause which will justify a husband's refusal to support his wife is conduct on her part which would constitute valid ground for divorce: *Commonwealth ex rel. Mandell v. Mandell,* 184 Pa. Superior Ct. 179, 133 A. 2d 235; *Hyle v. Hyle,* 188 Pa. Superior Ct. 20, 145 A. 2d 889. A wife who has withdrawn from the marital domicile, on seeking support, is not held to the high degree of proof required of the husband, and she need not establish facts which would entitle her to a divorce: *Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595; *Commonwealth ex rel. Kenny v. Kenny,* 169 Pa. Superior Ct. 152, 82 A. 2d 552. The burden upon her is simply to establish that her husband's conduct justi-

fied her in leaving him: *Commonwealth v. Sgarlat*, 180 Pa. Superior Ct. 638, 121 A. 2d 883; *Commonwealth v. Cooper*, 183 Pa. Superior Ct. 36, 128 A. 2d 181. Thus in *Commonwealth ex rel. Rankin v. Rankin*, 170 Pa. Superior Ct. 570, 87 A. 2d 799, it was held that where a wife has reasonable cause, adequate in law, for leaving her husband, and she is not chargeable with misconduct which would entitle the husband to a divorce, he is obliged to support her. In the *Rankin* case Judge HIRT made the following pertinent statement: "We need not decide whether his mistreatment of her, which caused her to withdraw from the marital domicile, constituted such indignities as would entitle her to a divorce".

Seizing upon an excerpt from our opinion in *Reddick v. Reddick*, supra, 194 Pa. Superior Ct. 257, 166 A. 2d 553, appellant advances the argument that his wife's present support action is barred by the principle of res judicata. We therein said: "As was the hearing judge, we are more inclined to credit the testimony of the husband and his six witnesses, and fail to perceive sufficient basis for the wife's decision, March 5, 1959, to leave the common home". However, it is obvious from a reading of the entire opinion that we were applying the standard required in divorce actions. Immediately after the quoted sentence appears the following statement: "To summarize, we have not been persuaded that the cumulative effect of all the incidents of this long-continued union exhibits settled hate and estrangement on the husband's part, or demonstrates a course of conduct which made the wife's life burdensome and her condition intolerable. We agree with Judge BROWN that appellant 'has not made out a case to establish legal cause for this divorce' ". A decree of divorce on the ground of indignities must be based upon compelling reasons, and upon evidence that is clear and convincing: *Baxter v. Baxter*, 192 Pa. Su-

perior Ct. 62, 159 A. 2d 533. That was the issue passed upon in the prior appeal, and it was not our intention to preclude a future support action. Appellant relies upon *Thomas v. Scranton Trust Co.*, 117 Pa. Superior Ct. 566, 178 A. 412, but that decision is not controlling. The question originally determined in that case was the validity of a marriage, and this determination was clearly res judicata when the same issue was again raised.

The second question involved in the present appeal is whether, on the merits, the order of the court below is supported by the record. Cf. *Commonwealth ex rel. Podvasnik v. Podvasnik*, 198 Pa. Superior Ct. 107, 181 A. 2d 107. We will not interfere with the determination of the hearing judge in a support action unless there has been a clear abuse of discretion: *Commonwealth v. Deose*, 194 Pa. Superior Ct. 466, 168 A. 2d 791. By stipulation of counsel, the evidence in the divorce proceeding was incorporated in the instant record, and the hearing judge took additional testimony. We find no indication whatever of any misconduct on the part of the wife which would entitle appellant to a divorce. As pointed out in our prior opinion, appellant testified "that she was 'a wonderful wife', and that 'she always represented high moral and spiritual value' ". However, appellant argues that, since the wife has remained away for more than two years, she is guilty of desertion. The answer appears in the opinion of Judge WOODSIDE in *Commonwealth ex rel. Rovner v. Rovner*, 177 Pa. Superior Ct. 122, 111 A. 2d 160. It was therein stated that, if the husband's conduct constitutes a reason adequate in law to permit the wife to separate from him and obtain a support order, even though not adequate in law to permit her to obtain a divorce, the wife's right to support does not cease at the end of two years on the ground that the husband would then be entitled to a divorce on the

ground of desertion. In this connection it should be noted, that, in order to establish desertion, the husband would be required to show that he was an innocent and injured spouse: *Young v. Young,* 192 Pa. Superior Ct. 343, 162 A. 2d 45.

It is of course true, as appellant argues, that the burden is upon the wife to establish justification for leaving, or that the husband consented to the separation: *Commonwealth ex rel. Brown v. Brown,* 195 Pa. Superior Ct. 324, 171 A. 2d 833. See also *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d 793. The pivotal issue therefore is whether this wife established legal reason for the separation. As previously indicated, the wife's burden does not require her to establish such justification as would entitle her to a divorce. See *Commonwealth ex rel. Woodruff v. Woodruff,* 188 Pa. Superior Ct. 320, 146 A. 2d 376. Viewing the entire record in this light, we have concluded that the burden upon the wife was met in the case at bar. We adopt with approval the following excerpt from the well-considered opinion of Judge HESTER for the court below:

"On the merits of the case, we must consider not only the testimony submitted to the court at the hearing on August 2, 1961, but also the record compiled in the Common Pleas Court during the proceeding for the bed-and-board divorce, because of the stipulation of the parties. We do not believe, however, that we are bound by the determination of the Common Pleas Court as to the weight and credibility of the evidence because of the different scale upon which the measurement is based. In the divorce action, Plaintiff testified that she suffered physical and mental abuse from Defendant almost from the inception of their marriage in 1935. She testified that the acts over the years consisted of such things as having water thrown in her face; being shoved against a window on the street; being struck in

118

the back, thrown across a bed, and having a knee shoved in her stomach; being slapped in the face, called obscene, vulgar, and degrading names; having a gun pointed at her head; being placed in embarrassing situations in public; and numerous other events which served to create a gradually intolerable situation for her. Plaintiff is a small woman about five feet in height, weighing about 95 pounds, and it is admitted she has had health problems throughout her married life, has recently undergone two operations and suffers from a hypotension condition which could cause even minor disturbances to be very harmful in effect . . . Plaintiff testified that she is fearful for her person and her health in continued cohabitation with Defendant, and it is apparent that her health is subject to serious impairment from any unusual burdens or conditions imposed upon her. While Plaintiff's testimony was rebutted by Defendant's witnesses and most of Plaintiff's allegations were denied by Defendant, we feel there is sufficient legal cause for her remaining separated from Defendant, based upon credible testimony by her and her witnesses, to justify a support order".

Order affirmed.