## Hanlin *v.* Hanlin, Appellant.

Argued April 15, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Samuel R. DiFrancesco, Sr.,* with him *DiFrancesco and DiFrancesco,* for appellant.

*Robert L. Franke,* for appellee.

OPINION BY MONTGOMERY, J., June 12, 1963:

This is an appeal by the wife in a divorce action from a decree a.v.m. granted to the husband on the grounds of desertion, upon the recommendation of the master.

We have studied the record giving full consideration to the master's report and the opinion of the lower court, and independently conclude that the appellant willfully and maliciously deserted and absented herself from her husband's habitation without reasonable cause for over two years, and during that period refused his invitation to return.

The justification which she offered for her departure is insufficient. The impatient utterance of her husband made during an argument "to get the hell out" was not a deliberate and irrevocable command, and was not accepted by her as such. She continued to live with him for a number of weeks after it was uttered. *Mertz v. Mertz*, 119 Pa. Superior Ct. 538, 180 A. 708.

The excessive number of hours he worked was approved by her. She stated that she wanted a "nice home and things like that". Furthermore, they found time to go on vacations together.

No excessive use of alcohol was established; and what drinking was done was participated in by her.

The fact that she moved all of the furniture from the house without his knowledge or consent, and that the two year period of her absence has expired is not questioned.

This entitles the husband to his divorce. *Lilley v. Lilley*, 196 Pa. Superior Ct. 261, 175 A. 2d 164.

Decree affirmed.